IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
FEB 0 9 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>                Plaintiff,<br><br>v.<br><br>JOE HOTZE FORD, INC.<br><br>                Defendant. | Case No. 06-155<br><br>Judge William D. Stiehl<br>Magistrate Judge Philip M. Frazier |

## CONSENT DECREE

### THE LITIGATION

1. On February 22, 2006, Plaintiff United States Equal Employment Opportunity Commission (the "EEOC") filed its Complaint in this action alleging that Defendant Joe Hotze Ford, Inc. ("Joe Hotze Ford" or "Defendant") violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Civil Rights Act of 1991 by subjecting Charging Parties Kristen Deyo ("Deyo"), Judy Giles ("Giles"), and a class of females employees to harassment because of their sex; constructively discharging Deyo and a class of female employees; and retaliating against Giles.

2. As a result of having engaged in comprehensive settlement negotiations, EEOC and Jo'e Hotze Ford have agreed that this action should be finally resolved by entry of this Consent Decree. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC in this action.

## FINDINGS

3. Having examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    A. This Court has jurisdiction of the subject matter of this action and of the parties to this case;

    B. The terms of this Decree are adequate, reasonable, equitable and just and the rights of the Charging Parties, the EEOC, Joe Hotze Ford, and the public interest are adequately protected by this Decree; and

    C. This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the Charging Parties, EEOC, Joe Hotze Ford, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## NON-DISCRIMINATION

4. Joe Hotze Ford, its directors, officers, agents, assigns, employees, and successors are permanently enjoined from (a) engaging in any employment practice which discriminates on the basis of sex; (b) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of sexually harassing any female employee; and/or (c) creating, facilitating or tolerating the existence of a work environment that is sexually hostile to female employees.

5. Joe Hotze Ford, its directors, officers, agents, assigns, employees, and successors shall not retaliate in any way against any person because such person has opposed any practice

2

made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under or benefited from this Decree.

## MONETARY RELIEF FOR CLAIMANTS

6. Joe Hotze Ford shall pay monetary damages totaling $150,000.00 to Kristen Deyo, Kathyrn Winchester, Elisha Charlton and Amanda Huelskoetter (referred to collectively as "Claimants"). The division of the total monetary relief among the Claimants is as follows:

| | |
|---|---|
| Kristen Deyo | $75,000 |
| Kathyrn Winchester | $30,000 |
| Elisha Charlton | $30,000 |
| Amanda Huelskoetter | $15,000 |

7. EEOC will mail a copy of the release agreement (attached hereto as Exhibit A) to each Claimant. Each Claimant must execute and return a release agreement to EEOC. EEOC will send to Joe Hotze Ford the executed release agreements it receives from the Claimants. Within ten (10) business days after receipt by Joe Hotze Ford of the release agreements, Joe Hotze Ford shall issue and mail by certified mail a check payable to each Claimant in the amount set forth opposite her name above at the address for that Claimant provided to Joe Hotze Ford by EEOC. Joe Hotze Ford shall also mail copies of the checks to EEOC.

## POSTING OF NOTICE

8. Within five (5) business days following entry of this Decree, Joe Hotze Ford shall post a same-sized copy of the Notice signed by the Court (attached as Exhibit B to this Decree) in

a conspicuous location easily accessible to and commonly frequented by Joe Hotze Ford's employees for the duration of this Decree. Joe Hotze Ford shall ensure that the postings are not altered, defaced or covered by any other material. Joe Hotze Ford shall certify to EEOC in writing within ten (10) business days after entry of this Decree that the copies of the Notice have been properly posted and the location of each such posting. The Notices shall remain posted for a period of two (2) years from the date of entry of this Decree. Joe Hotze Ford shall permit a representative of EEOC to enter Joe Hotze Ford's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours with reasonable prior notice.

## TRAINING

9. Joe Hotze Ford shall provide training on the requirements of Title VII as follows:

   A. Defendant shall retain and pay for an outside consultant/lecturer ("trainer"), approved by the EEOC, to provide training for all employees (both managerial and non-managerial) during each of the two (2) years covered by this Decree with respect to the prevention and eradication of sexual harassment from the workplace. Joe Hotze Ford shall conduct separate trainings for its owner, Joe Hotze.

   B. The owner of Joe Hotze Ford, Joe Hotze, shall receive a minimum of eight (8) hours of individual training from the trainer on the prevention and eradication of sexual harassment from the workplace. The training shall include, but need not be limited to, a detailed discussion of sexual harassment law, the causes of sexual harassment, and the effect of sexual harassment on its victims. In addition to the individual training, Joe Hotze must attend the general training attended by the employees.

  C. Joe Hotze Ford shall first provide training to all employees, including the individual training for the owner, within ninety (90) calendar days of the entry of this Consent Decree.

  D. A registry of attendance for each training shall be retained by Joe Hotze Ford for the duration of the Consent Decree.

  10. Joe Hotze Ford shall obtain EEOC's approval of its proposed trainer prior to each year's set of training sessions. Joe Hotze Ford shall submit the name, address, telephone number, resume, and training proposal of the proposed trainer, including all materials anticipated to be distributed during the training, together with the date(s) of the proposed training sessions to EEOC within thirty (30) calendar days prior to the first day of the proposed date(s) of training. EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event EEOC does not approve Joe Hotze Ford's designated trainer(s), Joe Hotze Ford shall have thirty (30) calendar days to identify an alternate trainer. EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer. In the event EEOC does not approve Joe Hotze Ford's alternate trainer, and the parties cannot agree upon a trainer, the dispute shall be submitted to the Court for final resolution. After EEOC has approved of or designated a trainer for one year, it is not required to approve of or designate the same trainer for future training sessions.

  11. Prior to the trainings, the trainer shall be allowed to familiarize himself/herself with the allegations of this case by means of communicating with counsel for either party or

reviewing documents provided by counsel of either party.

12. Joe Hotze Ford agrees to provide EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions.

13. Joe Hotze Ford shall certify to EEOC in writing within five (5) business days after each required training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: a) the dates, location and duration of the trainings; b) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and c) a listing of all current employees as of the date of the training.

## COMPLAINT MONITOR

14. During the term of the Consent Decree, there shall be an independent Complaint Monitor, who will have the responsibility to investigate independently and confidentially any and all complaints of sexual harassment reported to Joe Hotze Ford or directly to the Complaint Monitor; make recommendations to Joe Hotze Ford regarding the appropriate disciplinary or corrective action to take to resolve a complaint of sexual harassment; and maintain detailed written records of all complaints of sexual harassment, the investigation of such complaints, and the resolution of such complaints.

15. The Complaint Monitor shall be Lisa Yankowitz. In the event Lisa Yankowitz can no longer serve as the Complaint Monitor, Joe Hotze Ford shall have thirty (30) calendar days from the date it is notified that the Complaint Monitor will be unavailable to continue his/her duties for the duration of the Consent Decree to identify to EEOC by name, address, and telephone number a new independent Complaint Monitor. EEOC shall have fourteen (14)

calendar days from the date of receipt of the information described above to accept or reject the new Complain-t Monitor. In the event EEOC does not approve Joe Hotze Ford's proposed Complaint Monitor, Joe Hotze Ford shall have fourteen (14) calendar days to identify an alternate Complaint Monitor. EEOC shall have fourteen (14) calendar days from the date of receipt of the information described above to accept or reject the alternate Complaint Monitor. In the event that the parties cannot agree upon a monitor, the dispute shall be submitted to the Court for final resolution.

16. Joe Hotze Ford shall notify the Complaint Monitor of all complaints of sexual harassment reported to Joe Hotze Ford and shall transmit to the Complaint Monitor all documentation of each such complaint reported to Joe Hotze Ford as soon as practicable and, in any event, no later than the close of the next business day after Joe Hotze Ford receives any such complaint.

17. Joe Hotze Ford shall inform all employees of the appointment and function of the Complaint Monitor, and each individual who makes a complaint (whether oral or written) to Joe Hotze Ford shall receive, upon making a complaint, a written notice informing him/her of the existence and function of the Complaint Monitor. Such notice shall provide the name, telephone number and address at which the Complaint Monitor may be reached.

18. Joe Hotze Ford shall fully cooperate with the Complaint Monitor in connection with his/her efforts to investigate complaints of sexual harassment, including providing prompt and reasonable access to employees, documents, and any other sources of information. The Complaint Monitor, as he/she deems it necessary or appropriate, shall have access all physical

locations within the dealership.

19. In the event the Complaint Monitor determines that any employee of Joe Hotze Ford, including Joe Hotze, has engaged in sexual harassment, Joe Hotze Ford will take all necessary and appropriate remedial measures, as recommended by the Complaint Monitor. If Joe Hotze Ford determines that additional remedial measures beyond those recommended by the Complaint Monitor are necessary and appropriate, Joe Hotze Ford may take such additional remedial measures, but must at a minimum take the remedial measures recommended by the Complaint Monitor.

20. Joe Hotze Ford shall be responsible for compensating the Complaint Monitor at his/her full customary rate and shall pay any and all reasonable costs and expenses of the Complaint Monitor that the Complaint Monitor deems necessary or appropriate to fulfill his/her work as the Complaint Monitor.

## RECORD KEEPING

21. For a period of two (2) years following entry of this Decree, Joe Hotze Ford shall maintain and make available for inspection and copying by the EEOC all documents and records which refer or relate to employee complaints regarding alleged sexual harassment made subsequent to the entry of this Decree. Such records shall include the name of the complainant, the date of the complaint, what was alleged, the names of any witnesses, what actions Joe Hotze Ford took to resolve the complaint, if any, and the resolution of the complaint.

22. Joe Hotze Ford shall make all documents or records referred to in Paragraph 21 above available for inspection and copying within ten (10) business days after the EEOC so

requests. In addition, Joe Hotze Ford shall make available all persons within its employ whom the EEOC reasonably requests for the purpose of verifying compliance with this Decree, and shall permit the EEOC to enter Joe Hotze Ford's premises during regular business hours for such purpose on five (5) business days' advance business notice by EEOC.

23. Nothing contained in this Decree shall be construed to limit any obligation Defendant may otherwise have to maintain records under Title VII or any other law or regulation.

## **REPORTING**

24. Joe Hotze Ford shall furnish to EEOC the following reports semi-annually for a period of two (2) years following entry of the Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-three (23) months after entry of the Decree. Each report shall contain:

**A.** A description of each complaint (oral or written) of sex harassment or discrimination and the resolution of such complaint, occurring within the six (6) month period preceding the report;

**B.** A certification by Joe Hotze Ford that the Notice required to be posted in Paragraph 8, above, remained posted during the entire six (6) month period preceding the report.

## **DISPUTE RESOLUTION**

25. In the event that either party believes that the other party has failed to comply with any provisions of the Decree. the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fifteen (15) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged

non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) calendar days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF DECREE AND RETENTION OF JURISDICTION

26. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 25. above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

27. If Joe Hotze Ford is sold or otherwise conveyed to an individual and/or entity with whom Joe Hotze has no personal, familial or financial relationship prior to expiration of the Consent Decree, EEOC will not oppose a motion filed with the Court by Defendant requesting an order terminating the Consent Decree if, after the sale is consummated, the following provisions are met:

    A. The purchaser(s) and/or successor(s) shall submit to EEOC an affidavit from an individual authorized to bind the purchaser or successor and an opinion of counsel, both in form and substance acceptable to EEOC, to the effect that Joe Hotze has no financial, operational, or any other involvement in the successor dealership after the sale is consummated; and

    B. Joe Hotze shall submit to EEOC an affidavit, both in form and substance

acceptable to EEOC, to the effect that Joe Hotze has no financial, operational, or any other involvement in the successor dealership after the sale is consummated.

28.  In the event that all of the provisions in Paragraph 27 are met, the termination of the Consent Decree shall take place no earlier than the date of the sale of Joe Hotze Ford is consummated.

29.  In the event that all of the provisions in Paragraph 27 are met, Joe Hotze Ford must still comply with the individual training of Joe Hotze and the first annual training of all employees under Paragraph 9(B) and 9(C), respectively.

30.  Under no circumstances will the monetary relief provisions in Paragraph 6 be terminated regardless of when, or if, Joe Hotze Ford is sold or conveyed.

## MISCELLANEOUS PROVISIONS

31.  The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns and successors of Joe Hotze Ford.

32.  Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

33.  If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

34.  When the Decree requires the submission by Defendant of documents to the EEOC, they shall be mailed to: Aaron Decamp, Joe Hotze Ford Settlement, Equal Employment Opportunity Commission, Chicago District Office, 500 West Madison Street, Suite 2800, Chicago, Illinois 60661. When the Decree requires the submission by the EEOC of documents, they shall be mailed to: James F. Best, 25 E. Washington Street, Suite 210, Chicago, IL 60602.

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C 10507

RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
500 W. Madison St., Ste. 2800
Chicago, IL 60661
(312) 353-8558

John Hendrickson
ARDC # 1187589
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-8551
Fax: (312) 353-8555
E-Mail: john.hendrickson@eeoc.gov

Aaron R. DeCamp
ARDC # 6282725
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-7582
Fax: (312) 353-8555
E-Mail: aaron.decamp@eeoc.gov

Diane I. Smason
ARDC # 6626130
Attorney for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
Telephone: (312) 353-7526
Fax: (312) 353-8555
E-Mail: diane.smason@eeoc.gov

For JOE HOTZE FORD, INC

*[signature]*
Joe Hotze
Owner    30 January 2007

**JOE HOTZE**
P.O. Box 340
Salem, IL 62881
Ph.: (618) 548-1711
Fax: (618) 548-6753
Email: joehotze@yahoo.com

ENTER:                                           DATE:

*[signature]*                                    9 February 2007
The Honorable Judge William D. Stiehl
United States District Judge

The Honorable Judge Philip M. Frazier
United States Magistrate Judge

13

# EXHIBIT A

## RELEASE

In consideration for $ _____ paid to me by Joe Hotze Ford, Inc., in connection with the resolution of <u>EEOC v. Joe Hotze Ford. Inc.</u>, 06-155 (S.D. ILL.), I waive my right to recover for any claims of sexual harassment and/or constructive discharge arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq</u>. and the Civil Rights Act of 1991, 42 U.S.C. §1981a, that I had against loe Hotze Ford prior to the date of this release and that were included in the claims alleged in EEOC's complaint in <u>EEOC v. Joe Hotze Ford, Inc.</u>, 06-155.

_____  _____
                                                            Signature

**EXHIBIT B**

## NOTICE TO ALL JOE HOTZE FORD EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in <u>EEOC v. Joe Hotze Ford, Inc.</u>, Case No. 06-155, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Joe Hotze Ford.

In its suit, the EEOC alleged that Joe Hotze Ford discriminated against female employees by subjecting them to a sexually hostile work environment, constructively discharging them, and retaliating against one of them. In its Answer, Joe Hotze Ford denied the allegations in the Complaint.

To resolve the claims against Joe Hotze Ford, Joe Hotze Ford and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Joe Hotze Ford will make a monetary payment to the claimants in the lawsuit;

2) Joe Hotze Ford is enjoined from discriminating against women on the basis of sex and from subjecting women to sexual harassment;

3) Joe Hotze Ford is enjoined from retaliating against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination or participated in any Title VII proceeding;

4) Joe Hotze Ford will provide mandatory training to all of its employees regarding sexual harassment, including individualized training to the owner, Joe Hotze.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (312) 353-2713. EEOC charges no fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for two (2) years from the date below and must not be altered, defaced of covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Joe Hotze Ford Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

_9 February 2007_
Date

_William D. Stiehl_
The Honorable Judge William D. Stiehl